Approved: _____
ROBERT B. SOBELMAN
Assistant United States Attorney

Before: HONORABLE JAMES L. COTT
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - X
                                  :
UNITED STATES OF AMERICA          :
                                  :
    - v. -                        :
                                  :
LUKE SANDLER,                     :
                                  :
                    Defendant.    :
                                  :
- - - - - - - - - - - - - - - - - X

**SEALED COMPLAINT**

Violations of
18 U.S.C. §§ 2252A and 2

COUNTY OF OFFENSE:
NEW YORK

SOUTHERN DISTRICT OF NEW YORK, ss.:

        TIMOTHY REILLY, being duly sworn, deposes and says that
he is a Special Agent with Homeland Security Investigations
("HSI"), and charges as follows:

## COUNT ONE
(Receipt and Distribution of Child Pornography)

        1.   In or around June 2015, in the Southern District of New
York, LUKE SANDLER, the defendant, knowingly did receive and
distribute and attempt to receive and distribute material that
contains child pornography that had been mailed, and using a means
and facility of interstate and foreign commerce shipped and
transported in and affecting interstate and foreign commerce by
any means, including by computer, to wit, SANDLER made available
for distribution sexually explicit images and videos of minors
over the Internet using a computer in his residence in Manhattan,
New York.

        (Title 18, United States Code, Sections 2252A(a)(2)(B),
                        (b)(1), and 2.)

**COUNT TWO**
(Possession of Child Pornography)

2.    From at least in or about June 2015 up to and including at least in or about February 2017, in the Southern District of New York, LUKE SANDLER, the defendant, knowingly did possess and access with intent to view, and attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material containing an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, SANDLER possessed images of child pornography in his residence in Manhattan, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3.    I am a Special Agent with HSI, currently assigned to Child Exploitation Investigations.   I have been personally involved in the investigation of this matter, and I base this affidavit on that experience, on my conversations with other law enforcement officials, and on my examination of various reports and records.   Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts I have learned during the course of my investigation.   Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.    As set forth below, there is probable cause to believe that LUKE SANDLER, the defendant, possessed child pornography in his residence between in or about June 2015 through in or about February 2017, and made child pornography available for distribution over the Internet in or about June 2015.

5.    Based on my review of records from a law enforcement database, I have learned the following:

a.    An electronic device ("Target Device-1") bearing a certain static internet protocol address ("IP Address-1")[1] connected to a publicly available peer-to-peer file sharing network ("P2P Network-1") between on or about June 14, 2015 and on or about June 21, 2015 (the "P2P Network-1 Connection Period").

b.    During the P2P Network-1 Connection Period, Target Device-1 made available for download via the P2P Network-1 approximately 50 videos or photographs that, based on each file's unique SHA1 hash value[2] (which was recorded contemporaneously during the P2P Network-1 Connection Period in the law enforcement database), are each identified in another law enforcement database as known to contain child pornography.   These videos and photographs include five videos or photographs bearing the following unique SHA1 hash values:

---

[1] Based on my training and experience, I have learned the following: (a) An IP address is a unique numeric address used to identify a particular computer connected to the Internet; (b) An IP address looks like a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178); (c) Every computer attached to the Internet must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination; (d) Most Internet service providers control a range of IP addresses; and (e) Some computers have static (long-term) IP addresses, while other computers have dynamic (frequently changed) IP addresses.

[2] Based on my training and experience, I have learned the following: (a) The Secure Hash Algorithm ("SHA") was developed by the National Institute of Standards and Technology, along with the National Security Agency, as a means of identifying files using a digital "fingerprint" that consists of a unique series of letters and numbers; (b) The United States has adopted the "SHA1" algorithm described herein as a Federal Information Processing Standard; (c) SHA1 is the most widely used of the existing SHA hash functions, and is employed in several widely used applications and protocols; (d) A file processed by this SHA1 operation results in the creation of an associated hash value often referred to as a digital signature; and (e) SHA1 signatures provide a certainty exceeding 99.99% that two or more files with the same SHA1 signature are identical copies of the same file regardless of their file names.

i.   22MS46WW5I3L3NQMPZ3SHHZYR45N6TZD ("SHA1-1");

ii.   FWNLGOJMHIRORJC5BRQ6CX5RY6LPXC4K ("SHA1-2");

iii.   QYPP4GW35DUM2QF7GGDROODYY3BZIFOI ("SHA1-3");

iv.   7LNUSPG5VANQN7T5YE2NMZBU7BAWDGSQ ("SHA1-4"); and

v.   FWNLGOJMHIRORJC5BRQ6CX5RY6LPXC4K ("SHA1-5").

6.   Based on my review of records from a law enforcement database, I have learned that the law enforcement database contains copies of the videos and photographs that correspond to the hash values SHA1-1, SHA1-2, SHA1-3, SHA1-4, and SHA1-5, each of which was obtained in connection with other investigations. Based on my review of the law enforcement database's copies of those five files, each of them contains child pornography, as described below:

a.   The file that corresponds to SHA1-1 is a video that is seven minutes and 25 seconds in length, which depicts a male, approximately 14 to 16 years old, fondling the penis of another male, approximately 18 to 20 years old, and depicts the two males engaging in oral and anal sexual intercourse;

b.   The file that corresponds to SHA1-2 is a video that is two minutes and 19 seconds in length, which depicts an adult male inserting his erect penis into the anus of a female infant/toddler;

c.   The file that corresponds to SHA1-3 is a photograph which depicts a male, approximately 8 years of age, lying on his front while an adult male appears to insert his penis into the younger male's anus;

d.   The file that corresponds to SHA1-4 is a photograph which depicts one male, approximately 7 to 10 years old, performing oral sex on another male, also approximately 7 to 10 years old; and

e.   The file that corresponds to SHA1-5 is a photograph which depicts a male, approximately 9 to 11 years old, inserting his erect penis into the anus of another person whose gender and/or age cannot be determined.

7.   Based on my review of documents provided by an internet service provider ("ISP-1"), I have learned the following:

a.   A particular ISP-1 account ("ISP Account-1") was in service from at least in or about October 2014 to in or about January 2016;

b.   IP Address-1 was associated with ISP Account-1 from at least in or about October 2014 to in or about January 2016, that is, a period of time that included the P2P Network-1 Connection Period;

c.   "Luke Sandler" was the name provided to ISP-1 by the registrant for ISP Account-1; and

d.   ISP Account-1 provided internet service to a certain residence in Manhattan, New York (the "First Sandler Residence").

8.   Based on my review of records retrieved from a law enforcement database, a credit reporting database lists the address of the First Sandler Residence as the place of residence for LUKE SANDLER, the defendant, for the time period October 16, 2014 to June 7, 2016, that is, a period of time that included the P2P Network-1 Connection Period.

9.   Based on my review of the following records, LUKE SANDLER, the defendant, appears to have relocated from the First Sandler Residence to a certain residence in Manhattan, New York (the "Second Sandler Residence") in or about June 2016, and continued to reside at that location until at least on or about February 9, 2017:

a.   Records provided by ISP-1 indicate that an ISP-1 account ("ISP Account-2") was registered to provide internet service to the Second Sandler Residence by "Luke Sandler" on or about June 23, 2016, and that ISP Account-2 remained active as of at least on or about December 30, 2016; and

b.   Records provided by an Internet company that provides food delivery services ("Food Delivery Service-1") indicate that, on approximately thirty occasions, between on or about July 2, 2016 and on or about January 22, 2017, an individual used a Food Delivery Service-1 account registered to "Luke Sandler" to order food for delivery to the Second Sandler Residence.

10.   On or about the morning of February 9, 2017, I and other law enforcement agents executed a search and seizure warrant (the

"Search Warrant") at the Second Sandler Residence.[3]  Based on my review of files contained on a laptop computer seized from the Second Sandler Residence ("Seized Device-1"), I learned that Seized Device-1 stores (in a folder associated with the username "Luke") approximately 1,651 thumbnail cache files[4] that contain child pornography.  For example, five of those files are described below:

       a.  A photograph which depicts a nude child, approximately 2 to 3 years of age, grasping the erect penis of an adult male, who is lying on his back;

       b.  A photograph which depicts a male performing oral sex on a prepubescent male;

       c.  A photograph which depicts a prepubescent male on his hands and knees facing away from the camera and exposing his anus and genitals;

       d.  A photograph which depicts an adult male lying on his back, with his penis in between the legs of a prepubescent child, who is laying parallel to the adult male; and

       e.  A photograph which depicts a nude adult male straddling the torso of a male child, thereby resting the adult male's genitals on the male child's chest and abdomen; the male child's genitals also are exposed.

      11.  On or about the afternoon of February 9, 2017, I interviewed LUKE SANDLER, the defendant, at John F. Kennedy International Airport in Queens, New York, upon his reentry to the United States.  During the course of that interview, the following occurred, in substance and in part:

       a.  SANDLER was advised of his Miranda rights, waived those rights in writing, and agreed to speak with me;

---

[3] The Search Warrant was authorized by the Honorable Katharine H. Parker, United States Magistrate Judge for the Southern District of New York, on or about January 30, 2017.

[4] Based on my training, experience, and conversations with a technology professional employed by HSI, I have learned that thumbnail cache is used to store reduced-size versions of images and videos (known as thumbnails) that have been stored on or viewed by a particular computer, in order to speed up the display of previews of those images or videos on that computer.

    b.   SANDLER admitted that he previously lived at the First Sandler Residence; and

    c.   SANDLER admitted that, at the time of the interview, he lived alone at the Second Sandler Residence.

    WHEREFORE, the deponent respectfully requests that LUKE SANDLER, the defendant, be imprisoned, or bailed, as the case may be.

TIMOTHY REILLY
Special Agent
Homeland Security Investigations

Sworn to before me this
11th day of April, 2017

HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK